■ LILLIAN C. LEONARD, Also Known as SISTER M. DOROTHEUS, Appellant, v. METROPOLITAN OPERA ASSOCIATION, INC., Respondent.

Concur — Stevens, J. P., Eager and Steuer, JJ.; Capozzoli and McGivern, JJ., dissent in the following memorandum by Capozzoli, J.: Plaintiff instituted this personal injury action on December 2, 1965. She had suffered a fractured pelvis as the result of an accident in defendant's opera house, where she was a patron. Issue was joined on December 15, 1965. On September 12, 1966 defendant's attorney served a notice upon plaintiff's attorney, pursuant to CPLR, 3216, calling upon plaintiff to place this action on the calendar for trial within 45 days. Said notice stated that, in the event of plaintiff's failure to comply therewith, a motion to dismiss for failure to prosecute would be made. On October 7, 1966, plaintiff's attorney mailed a notice to the defendant stating that plaintiff would be available for physical examination on November 11, 1966, and, with that notice, defendant received copies of the report of the treating physician and hospital record. Defendant did not respond to said notice and moved, on November 14, 1966, to dismiss the complaint for failure to prosecute. Thereafter, a note of issue and statement of readiness, dated November 17, 1966, were served and filed by plaintiff. In support of the motion defendant relied upon the fact that plaintiff had failed to file a note of issue, in accordance with the 45-day notice, and the alleged general delay in the prosecution of the action since joinder of issue. In opposition to the motion plaintiff submitted an affidavit of merits, and her attorney submitted an affidavit in which he alleged that a note of issue was not filed in accordance with defendant's notice because " [t]he date fixed for the [physical] examination in the [plaintiff's] notice was November 11. Under this court's rules, I could not apply for a preference until the date specified in the notice had passed ". Upon this appeal plaintiff's attorney acknowledegs his error, stating that he mistakenly believed that a note of issue could not be filed with an application for a preference until the date specified in the notice for physical examination had actually passed. The defendant did not, at Special Term, and does not, in this court, challenge the fact that plaintiff has demonstrated a meritorious cause of action. It claims only that plaintiff has failed to demonstrate an adequate excuse for her delay in prosecuting this action. The 45-day notice was served only 10 months after commencement of the action, and the motion to dismiss was made less than one year after the action was instituted. The record demonstrates a meritorious cause of action and an attorney's misunderstanding of the court rules. The delay in prosecution

was inconsequential and did not warrant dismissal of the complaint. It is noteworthy that the Legislature, at the last session, amended CPLR 3216 so as to provide that a motion to dismiss for failure to prosecute may not be brought until "one year * * * elapsed since the joinder of issue". (L. 1967, ch. 770.) CPLR 3216, as it presently exists, provides for a six-month period before such a motion may be made. While it is true that this amendment does not take effect until September 1, 1967, it clearly shows that the intent of the Legislature is to modify what it considered a harsh policy. In that spirit, and in the interest of justice, the order below should be reversed and the motion to dismiss for failure to prosecute denied.